JAMES LAKE *et al.*

*v.*

THE CITY OF DECATUR.

1. SPECIAL ASSESSMENTS—*appointment of commissioners by county court not unconstitutional.* The act of 1872, conferring power upon the corporate authorities of cities, etc., to make local improvements by special assessments, etc., is not in violation of sec. 9, art. 9, of the constitution because it authorizes the appointment of commissioners by the county court to assess benefits. The legislature clearly has the power to so authorize the appointment of commissioners, where the corporate authorities have determined that the improvement shall be made, and what its character and cost shall be.

2. SAME—*validity of ordinance appointing engineer to fix grade.* An ordinance for the improvement of a street of a city is not rendered invalid by the fact it requires the city engineer to fix the grade of the street, where the cost has been estimated by a committee appointed by the council, and their report is approved. This is not a delegation to the engineer of power to fix and determine the cost, or the extent and character of the improvement.

3. SAME—*ordinance may confine special assessments to contiguous property.* While the provision of the constitution relating to special assessments is broad enough to authorize the assessment of property benefited by a proposed improvement, though not contiguous to the street to be improved, yet it does not require that such assessments shall be made on all the property benefited. Therefore, an ordinance is not invalid because it requires only contiguous property to be assessed.

APPEAL from the County Court of Macon county; the Hon. SAMUEL F. GRIER, Judge, presiding.

Mr. A. J. GALLAGHER, Messrs. CREA & EWING, and Messrs. ROBY, OUTTEN & VAIL, for the appellants.

Messrs. HAY, GREENE & LITTLER, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a judgment of the county court of Macon county, affirming an assessment, made by commissioners, for the purpose of improving a certain street in the city of Decatur.

It is first contended, that all that portion of the act of the legislature known as "An act to provide for the incorporation of cities and villages," approved April 10, 1872, under which the proceedings were had, was in conflict with sec. 9, art. 9, of the constitution of 1870, which declares: "The General Assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessments, or by special taxation of contiguous property, or otherwise." The argument is, that while the constitution confers the power on the legislature to authorize cities, towns, etc., to make local improvements by special assessments, it confers no power on the legislature to vest in the county court such power.

It is, doubtless, true, under the section of the constitution cited the legislature can not confer the power on the county court to make local improvements by special assessment. That power, if conferred, must be vested in the corporate authorities of the city or town. We do not, however, understand that the act in question has conferred, or even attempted to confer, the power on the county court, or that the county court has exercised such power in the proceedings in the case before us.

The first section of article 9 of the act, (Laws of 1872, page 247,) in express terms declares: "That the corporate authorities of cities and villages are hereby vested with power to make local improvements by special assessment or by special taxation, or both, of contiguous property, or general taxation, or otherwise, as they shall, by ordinance, prescribe."

Under this section of the statute the city council of Decatur

passed an ordinance that the improvement should be made, —that it should be paid for, in part, by special assessments. The cost of the improvement was estimated, and the character and quality of the work was settled, by the corporate authorities of the city. Upon these matters the county court was not consulted, nor did it have any connection whatever with them. But when, during the progress of the proceedings, it became necessary to have commissioners appointed to assess benefits on the property which would be specially benefited by the improvement, a petition was presented to the county court for the appointment of commissioners, as is provided for in the act. The county court, as will appear by reference to the several provisions of the act, has no voice in determining whether the improvement shall be made, what its character and cost shall be, when it shall be commenced, and when stopped. Indeed, in so far as the making of the improvement by special assessment is concerned, the county court is an utter stranger to the proceeding, and has no voice in it. These various matters are conferred upon the corporate authorities of the city or town. How can the language of the constitution, " may vest the corporate authorities of cities, towns or villages with power to make local improvements by special assessment," be held to prohibit the appointment by a court of commissioners, during the progress of the proceedings to assess benefits to the property owner who is to be specially benefited by the improvement, when the legislature has conferred such a power upon the court? The legislature has provided that the city, during the progress of the proceedings, may apply to the county court for the appointment of commissioners, and that they may be appointed; and as the constitution does not prohibit the General Assembly from so providing, it clearly has that power.

It does not follow, as has been suggested, that when application is made to the court for the appointment of commissioners, the making of the improvement is transferred from the corporate authorities of the city to the county court. The

court takes no charge or control over the improvement. It has nothing to say or do in regard to the prosecution of the work. The application by the city to the court to have commissioners appointed, and the subsequent proceedings in the court, may be regarded as a mere resort by the corporate authorities to the judicial tribunal to settle questions of dispute that arise between the corporate authorities of the city and the property owners in reference to the prosecution of the work, and the collection of money to aid in its prosecution.

Appellants have referred to *Updike* v. *Wright*, 81 Ill. 50, as an authority sustaining their position. That case will, however, upon an examination, be found to have no bearing on the question here presented. In that case, the constitutionality of the act in regard to drains, ditches and levees was involved, and it was held that the legislature had no power to invest any person with power to make local improvements by special assessments, except corporate authorities named in the constitution. That doctrine is not disputed, but there is nothing in that case which can be tortured into an argument to sustain the position of the appellants here.

The next objection to the proceedings is, that the second section of the ordinance is inconsistent with the act of the legislature, because it delegates to the city engineer powers that could only be exercised by the corporate authorities of the city. The engineer was required to fix the grade of the street, and it is contended this, to a great extent, involved the amount of the cost of the improvement, which the council could not delegate.

The nineteenth section of the act required the ordinance to specify the nature, character, locality and description of the improvement. Section 20 of the act provides, that the city shall appoint three competent persons to make an estimate of the cost of the improvement, including labor, materials, and all other expenses attending the same. The first section of the ordinance provided, that East Eldorado street, in said city, be improved by grading, tiling, curbing, graveling and

guttering, from the east line of North Water street to the west line of the Illinois Central railroad. Other sections of the ordinance contained more specific descriptions of the nature and character of the work.

The report of the committee appointed to determine the cost of the improvement contained a full and accurate report of the cost. It was filed eighteen days after the ordinance was passed, and approved by the council. While it is true, by the second section of the ordinance the city engineer was required to fix the grade of the street, yet, the cost of the improvement was determined by a committee, in the mode pointed out in the act, and by the other sections of the ordinance the nature, character, locality and description of the improvement were so fully specified, that we perceive no satisfactory ground for the conclusion that the city had delegated any authority upon the city engineer to establish the amount of the cost of the improvement.

There is no similarity between this case and *Foss* v. *The City of Chicago,* 56 Ill. 354, cited and relied upon by appellants. In that case it was held, that the responsibility of prescribing what improvements shall be made, and the manner and extent of the same, rested upon the common council of Chicago,—that there was no authority for leaving it to the discretion of the board of public works. The decision then made upon the facts of the case there presented is entirely accurate, but here the facts are so different, that the decision is not applicable. The extent or character of the improvement, or the cost, was not delegated by the city council, but, with accurate precision, the character and extent of the work was fixed by the ordinance, and the cost by a committee, in the mode required by law.

It is next objected that the ordinance is in conflict with sec. 9, article 9, of the constitution, for the reason that sec. 5 of the ordinance limits and confines the special assessment to contiguous property fronting and abutting on East Eldorado street, and in support of this objection we are referred to

*Guild* v. *The City of Chicago,* 82 Ill. 472, where the·section of the constitution was considered.  The question in the *Guild case* was, whether an ordinance was void for the reason that it failed to limit the assessment of benefits on contiguous property of the improved street, and it was held that the ordinance was not void.  It was there said:  "We can have no doubt that, taking the whole of the article together (article 9), it contemplates the making of the special assessments upon the property benefited, whether contiguous or not, and that it is broad enough in its scope to authorize the making of special assessments upon property that may be specially benefited, without regard to its being contiguous."

But, the question whether an ordinance would be void which did limit the assessment to contiguous property, did not arise in the *Guild case,* and was not decided, nor do we understand that the conclusion can be drawn, from what was said in that case, that such an ordinance would be invalid.  Conceding that the constitution does not confine a special assessment to contiguous property, as held by a majority of the court in the *Guild case,* the question here presented is, whether the constitution compels a special assessment, when made by a city, to be imposed on all property within the city benefited, or may the city limit the assessment to contiguous property.

That the language of the statute under which the ordinance in question was passed is broad enough to authorize it, will, we apprehend, be conceded.  It declares:  "That corporate authorities of cities and villages are hereby vested with power to make local improvements by special assessment or by special taxation, or both, of contiguous property; or general taxation, or otherwise, as they shall, by ordinance, prescribe."  Under this statute a city may make a local improvement on contiguous property either by special assessment or by special taxation, or both, as may be provided by ordinance.  Does this section violate the constitution?

The first part of sec. 9, art. 9, of the constitution, says:  The General Assembly may vest the corporate authorities of

cities, etc., with power to make local improvements by special assessment. Whether the assessment shall be confined to contiguous property, or whether all property benefited shall bear a part of the burden, the instrument is silent; and as the legislature has the right to confer the power without restriction in this regard, we are aware of no reason why that power may not be exercised. The last part of section 9 requires uniformity in the assessment and collection of taxes for all municipal purposes, other than as specified in the first part of the section. This would seem to indicate that a special assessment should be local.

The objection to the ordinance we do not regard as well taken.

Some other objections to the validity of the proceedings have been urged, but they are of a technical character, and we find none of them of sufficient magnitude to reverse the judgment of the county court. We do not regard it necessary to enter upon a discussion of these minor questions.

As we perceive no substantial error in the record, the judgment will be affirmed.

*Judgment affirmed.*