# THE CITY OF SPRINGFIELD

*v.*

# MAHLON H. MATHUS *et al.*

*Filed at Springfield March 28, 1888.*

1. SPECIAL ASSESSMENT—*ordinance for sewer—location of man-holes.* An ordinance requiring the construction of a sewer in a certain street, provided that "said sewer shall be two feet inside diameter, and shall be constructed of the best brick and cement, in the best workmanlike manner, with necessary man-holes and inlets for surface drainage," etc.: *Held,* that the ordinance was sufficiently certain in specifying the location of the man-holes.

2.  The word "necessary," in such ordinance, should be taken as a restrictive term, as respects the location of the man-holes, going to show where they should be constructed,—that is, they were to be where it was necessary and proper they should be.  The words "necessary man-holes" would enable a civil engineer to determine where the man-holes should be built.

APPEAL from the County Court of Sangamon county; the Hon. JAMES H. MATHENY, Judge, presiding.

Mr. JOSEPH M. GROUT, and Mr. CLINTON L. CONKLING, for the appellant.

Mr. THOMAS S. CASEY, and Mr. ALEX. J. WALKER, for the appellees.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal by the city of Springfield, from an order of the county court of Sangamon county sustaining objections by certain lot owners, to a special assessment made by the city for the construction of a sewer, and dismissing the special assessment proceeding as to the objectors.  The question presented upon the record is, whether the ordinance under which the special assessment was made, sufficiently describes the improvement.

The statute under which the ordinance was passed, provides that when any such local improvement as this is to be made by special assessment, the city council shall pass an ordinance to that effect, specifying therein the nature, character, locality and description of such improvement.  (Rev. Stat. 1874, chap. 24, sec. 134, p. 234.)  The ordinance, so far as material to the present inquiry, is as follows:

"Sec. 1.  That the following local improvement be and the same is hereby ordered to be made in said city, to-wit:  That a single-ring brick sewer be laid in College street, in said city, from the center of its intersection with Allen street, connecting

properly with the sewer in Allen street, north to a point one hundred and seventy-two feet north of Cook street, said sewer to be built as near the center line of College street as may be.

"Sec. 2.    Said sewer shall be two feet inside diameter, and shall be constructed of the best brick and cement, in the best workmanlike manner, with necessary man-holes and inlets for surface drainage of the street and adjacent property, and shall be laid at a proper depth and grade to give it proper fall and outlet, and shall be constructed under the supervision of the city engineer, and in accordance with the plans and specifications furnished by him."

The insufficiency in the description of the improvement relied on is, in not specifying the location of the man-holes. It is supposed by counsel to be sufficient for the sustaining of this objection to refer to the cases of *Village of Hyde Park* v. *Spencer,* 118 Ill. 446, and *Ogden* v. *Town of Lake View,* 121 id. 422. It is true, that in the first named case, after pointing out other substantial particulars wherein the ordinance failed to specify "the nature, character, locality and description" of the improvement, the court did say: "The ordinance is also defective in not specifying, with sufficient definiteness and certainty, the location of the man-holes and man-traps, and in giving no specifications from which the cost of the pumping engines and boilers, and their foundations, can be estimated." The court there placed its decision upon the authority of *Levy* v. *City of Chicago,* 113 Ill. 650, and *City of Sterling* v. *Galt,* 117 id. 11, the former of which cases merely decided that an ordinance for the improvement of a street was sufficiently definite in its using the term of "filling" the street,—that it might be shown by civil engineers and street contractors what was comprehended by the term "filling," as generally understood by them, and thereby make the description in the ordinance sufficiently definite. What was said further on this subject but repeated the language of the statute that it was necessary the ordinance should specify the nature, character, location and description

of the improvement. In *City of Sterling* v. *Galt*, there was no description at all of the size, grade or materials of the sewer.

All that *Ogden* v. *Lake View* holds is, "that the ordinance which provides for the construction of certain sewers, man-holes and catch-basins, does not, so far as the man-holes and catch-basins are concerned, conform to the requirements of section 135 of the City and Village act, in this, that it fails to specify 'the nature, character, locality and description of the improvement.' It has been repeatedly held that an ordinance which does not do this, is invalid, and that any assessment founded upon it is equally so. *Levy* v. *City of Chicago*, 113 Ill. 650; *City of Sterling* v. *Galt*, 117 id. 11; *City of Kankakee* v. *Potter*, 119 id. 324." The ordinance there does not appear in the report of the case, nor does the opinion point out wherein it was that the man-holes were not sufficiently described. In that last case there cited,—*City of Kankakee* v. *Potter*,—like as in *City of Sterling* v. *Galt*, the ordinance gave no idea of the nature of the sewer to be built, there being no description whatever of the size or materials of the sewer. Certainly these cases, upon the authority of which *Village of Hyde Park* v. *Spencer*, and *Ogden* v. *Lake View*, are declared to be founded, decide nothing as to the necessity of an ordinance designating the location of the man-holes of a sewer. Manifestly, declaring that the ordinance must specify the nature, character, locality and description of the improvement, and that an ordinance for the construction of a sewer, merely, without specifying its size or materials, does not do this, decides nothing in the respect named.

This is all the purport of such former decisions; and as *Village of Hyde Park* v. *Spencer*, and *Ogden* v. *Lake View*, profess to decide no more than what had been held in the cases they cite, we do not think that they, at least in view of other decisions of this court, and the differing circumstances of the present case, are to be taken as requiring the decision that the ordinance here is invalid, in that it does not designate the

exact spot where the man-holes of the sewer are to be placed. The ordinance must specify "the nature, character, locality and description of such improvement." The improvement here was the sewer, and its locality was definitely described.

In *Lake* v. *City of Decatur*, 91 Ill. 596, a case of a street improvement, the ordinance itself did not fix the grade of the street, but required the city engineer to fix its grade, and it was held the ordinance was not rendered invalid by this fact, when the cost had been estimated by a committee appointed by the city council, and their report approved.

In *Railway Co.* v. *City of Jacksonville*, 114 Ill. 562, a case of the improvement of a public street, the ordinance provided : "The pavement shall be what is known as the 'Bloomington Brick Pavement.' The foundation thereof shall be laid of cinders, sand, gravel, or other materials equally suitable, at least six inches deep, conforming to the grade to be established by the city, through the city engineer," etc. The opinion gives the report of the committee appointed by the city council to make estimates of the cost of the improvement, wherein cinders and sand were estimated for, giving the cost of each, specifically, and it was remarked upon, that the report which was approved by the city council showed that sand and cinders, alone, were estimated for the foundation of the pavement. It was held that the ordinance was not fatally defective in that it did not determine, specifically, the material of which the foundation of the pavement was to consist.

It is thus seen, that in both these cases the report of the committee appointed in pursuance of section 135 of the statute, to make an estimate of the cost of the improvement, approved by the city council, was taken, in connection with the ordinance, in helping out any supposed uncertainty of the latter in describing items of the improvement. In the present case, the report of the committee thus appointed, which was approved by the city council, was, as to its estimate of the cost of the improvement, as follows :

"Twenty-two hundred and seventy feet single-ring brick sewer, two feet diameter, ten feet deep, at $1.15 - - - - - - $2610 50
Four man-holes, complete, at $25 - - - 100 00
Seventeen inlets, complete, at $30 - - 510 00
Assessing, collecting and superintending - - 125 00

Total cost - - - - - - $3345 50"

In *Village of Hyde Park* v. *Spencer,* the committee's report of its estimate of the cost of the improvement was, total cost, $116,000, composed of items named, one of which was : "Cost of main sewer, with wells, man-holes, catch-basins, house-connections, slants, etc., $44,000." Thus, in that case, there was no estimate, in the report of the committee, of the cost of the man-holes, of themselves. And in the same manner, in *Ogden* v. *Lake View,* it will be found, from the record, that the committee's report was but an aggregate estimate of the cost of the sewers, ($108,000,) without an itemized statement of any particular parts of the work. So that such reports, taken in connection with the ordinances, were of no aid there, in fixing any certainty with respect to the man-holes, whereas, in the case before us, the report contains a specific estimate of the cost of each man-hole.

The ordinance here provides that the sewer shall be constructed with necessary man-holes. The word "necessary" is here a restrictive term, as respects location, going to show where, upon the sewer, the man-holes should be constructed,— that they were to be where it was necessary and proper that they should be. The description, "necessary man-holes," no doubt, would enable a civil engineer to determine where the man-holes should be built, as well as from the word "filling," used in the ordinance in the case of *Levy* v. *City of Chicago,* an engineer and street contractor would understand of what material the filling of a street was to be composed. There was not the use of the term "necessary" in the case of *Village*

*of Hyde Park* v. *Spencer,* or that of *Ogden* v. *Lake View,* but man-holes, simply, were named, without any qualifying word of description whatever. In *City of Kankakee* v. *Potter,* in reference to such an ordinance, it was said: "It is not expected that an ordinance of this kind should set forth the details and all the particulars of the work. Indeed, this is not contemplated, and the statute requires nothing of the kind. A substantial compliance with its provisions is all that is required." Section 135 of the statute provides that the city council shall appoint three of its members, or three other competent persons, who shall make an estimate of the cost of the improvement contemplated by the ordinance, including labor, materials, and all other expenses attending the same, and the cost of making and levying the assessment, and shall report the same in writing, to the council. And by section 136, on the report being made and approved by the council, it may order a petition to be filed for proceedings to assess the cost of the improvement.

The purpose of the requirement that the ordinance shall specify the nature, character, locality and description of the improvement, is thus stated in *Levy* v. *City of Chicago:* "Indeed, no intelligent estimate of the cost of the improvement could be made by the commissioners to be appointed under section 135 of the statute, unless the ordinance prescribes definitely the nature and character of the improvement,— hence the necessity for such a description in the ordinance." And that was recognized as the reason for such requirement in *City of Kankakee* v. *Potter.*

If, then, such be the object of the requirement of a specification of the nature, character, locality and description of the improvement, that the committee to be appointed under section 135 may make an intelligent estimate of the cost of the improvement, does not the ordinance, here, fully serve that object? The committee appointed here, do make an estimate of the cost of each one of the man-holes, specifically. Their

estimate of the cost of each one is the same, ($25,) which was approved by the city council. What useful end, then, could have been served by the designation of the exact spots upon the sewer where the man-holes should be constructed? We see none in this case, and are of opinion that the ordinance, here, was in sufficient compliance with the requirement of the statute in specifying the nature, character, locality and description of the improvement, that the object of the requirement was sufficiently fulfilled, and that the ordinance should not be held invalid for want of any certainty in the description of the improvement contemplated.

The order of the county court will be reversed, and the cause remanded for further proceedings.

*Order reversed.*