John R. Barber et al.

v.

The City of Chicago.

*Filed at Ottawa May 8, 1894.*

1. Special assessment—*sufficiency of description of improvement.* An ordinance for a sewer, which provides that certain man-holes and catch-basins shall be located "as designated," and that the brick-work of the sewer shall be done under the supervision of the department of public works, is sufficiently definite in those particulars to meet the requirement of the statute as to description. *City of Springfield* v. *Mathus*, 124 Ill. 88, followed.

2. Same—*object of stating nature of improvement.* The object of the statute requiring the nature, character and description of the improvement to be specified in the ordinance is, that the committee appointed for that purpose may make an intelligent estimate of the cost of the work. The statute does not require that the ordinance shall set forth the details and all particulars of the work.

3. Same—*error in commissioners' report.* The fact that the commissioners appointed to estimate the cost of the work reported that the work was to be done "conformably to the drawings of said ordinance attached," will not be taken as showing that the commissioners acted upon "drawings," and in disregard of the ordinance, it not appearing from the evidence that any such drawings existed.

4. Same—*assessment of part of an entire tract.* That part of an entire tract of land which is specially benefited by the improvement may be assessed, and the owner cannot be heard to insist that he is injured because a small fraction of the tract is made liable for the levy, instead of the whole. This case distinguished from *Warren* v. *Chicago*, 118 Ill. 329, and *Crum* v. *Chicago*, 139 id. 265.

5. Same—*where assessment roll is made, and who wrote it, immaterial.* It is not error to exclude evidence offered as to where the assessment roll was made and by whom the writing was done, such matters being wholly immaterial.

Appeal from the County Court of Cook county; the Hon. Frank Scales, Judge, presiding.

Messrs. Bailey & Waldo, for the appellants.

Mr. Lockwood Honore, and Mr. Harry Rubens, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This appeal is prosecuted from a judgment of the court below confirming a special assessment to pay for the construction of a sewer.

The first objection to the validity of the proceeding is, that the ordinance under which the improvement was made did not sufficiently specify the nature, character, locality and description of the same, in three particulars, viz.: First, "in the location of man-holes and catch-basins;" second, "in omitting to specify distances and depth of cut, or amount of excavation necessary at different points;" and third, "in the repeated use of the word 'summit,' and failing to sufficiently define and locate the same."

The language of the ordinance as to the location of man-holes and catch-basins is as follows: "Ninety-seven man-holes shall be built upon said sewer, at such points as may be designated." "Ninety-seven catch-basins shall be constructed, and tapped with said sewer with nine-inch vitrified tile pipe, located on the course of such streets as may be designated." It is provided in another part of the ordinance that all brick-work of the sewer shall be done under the supervision of the department of public works, and under this provision we think it is clear that it was the intention that the man-holes and catch-basins should be located as directed by that department. The committee appointed to estimate the cost of the work, made and reported an estimate of the cost of the number of man-holes and catch-basins designated in the ordinance, which was regularly approved.

It was held in *City of Springfield* v. *Mathus et al.* 124 Ill. 88, on the authority of *Levy* v. *City of Chicago*, 113 id. 650, and *City of Kankakee* v. *Potter*, 119 id. 324, that the object of the requirement by the statute that the ordinance shall specify the nature, character, locality and description of the improvement is, that the committee appointed for that purpose may make an intelligent estimate of the

cost of the work, and it was there held that an ordinance which provided for "necessary man-holes, to be constructed under the supervision of the city engineer, and in accordance with the plans and specifications furnished by him," the committee having made an estimate of the cost of each man-hole, approved by the city council, was a sufficient compliance with the statute as to description of the improvement. The distinction between the case then before the court and *Village of Hyde Park* v. *Spencer*, 118 Ill. 446, and *Ogden* v. *Town of Lake View*, 121 id. 422, cited by counsel for appellants as supporting their contention here, was clearly pointed out in the opinion of the court by SHELDON, J. The ordinance in question is certainly as specific in the location of man-holes and catch-basins as was the one held sufficient in that regard in the case cited. Here, as there, a specific estimate of the cost of each of the catch-basins and man-holes required by the ordinance was made and approved. *City of Springfield* v. *Mathus, supra*, is decisive of the first objection here urged.

The second and third objections are, in our opinion, of even less force. We are at a loss to perceive how the ordinance could reasonably be required to more particularly specify the depth of the sewer, and the amount of excavation required to construct it, than is here done. The location, shape, construction and grade, by city datum, at various points along the line of the sewer, are given, and from these facts a complete profile of the work could be drawn, and the cost estimated with reasonable certainty.

The word "summit" is used in describing the grade of the sewer, and, taken in connection with other language used describing streets, the location and intersections of which we will presume are well known, the point intended by the use of the word cannot be mistaken. As was said in *City of Kankakee* v. *Potter, supra:* "It is not expected that an ordinance of this kind should set forth the details and all the particulars of the work." A rea-

sonable construction must be given to the language of the statute, such as will give practical effect to the object of its passage, and, so construed, this ordinance is a compliance with its requirements.

It is next insisted that the commissioners appointed to estimate the cost of the work disregarded the ordinance authorizing the construction of the improvement. This contention is based upon the fact that in their report they stated that the work was "to be done under the supervision of the department of public works of said city, conformably to the drawings of said ordinance attached." It is said the ordinance is silent as to *drawings,* and none were offered in evidence, and therefore it is assumed that the report shows that the commissioners ignored the ordinance and acted upon some drawing. Nothing of that kind is shown by the report. The estimates shown by it correspond with the requirements of the ordinance. The statement by the commissioners that the work was to be done in conformity with drawings is manifestly a mistake,—at least it was untrue. It does not prove, or, as we can see, tend to prove, that the commissioners acted upon "some drawing" which it is admitted had no connection whatever with the ordinance or description of the improvement. The ordinance describing the work, the estimates corresponding with that description, and it being admitted that there was no other description upon which the commissioners could have acted, all idea that the ordinance was ignored is refuted.

In assessing benefits the commissioners appointed for that purpose assessed "the east one hundred and fifty-eight feet of the north-east quarter of the north-west quarter of section 3, township 39, range 13." It is claimed by counsel for appellants, that objector being the owner of the whole of the north-east quarter of the north-west quarter, which was undivided, the commissioners had no right to assess a part of it, and in support of the contention they cite *Warren* v. *City of Chicago,* 118 Ill. 329, and

*Cram et al.* v. *City of Chicago*, 139 id. 265.   In both of these cases an arbitrary division of lots and blocks was made by the commissioners and the benefits assessed accordingly, thereby greatly increasing the estimate of benefits which would have accrued as the lots and blocks were platted and held by the owner.   In neither case was the assessment upon a part of the lots or blocks.   The whole property was assessed, not as platted and subdivided, but as commissioners arbitrarily determined it might be divided so as to increase the benefits,—and that, we held, they had no authority to do.   But here, only one hundred and fifty-eight feet of the entire tract were assessed, we must assume, because only that part of it was benefited.   If we understand the position of counsel, it amounts to no more than that the commissioners, instead of levying the assessment upon the one hundred and fifty-eight feet benefited, should have assessed the whole forty acres for benefits to the east one hundred and fifty-eight feet of it.   It may be that the assessment could have been levied upon the whole tract, but we do not think the commissioners were bound to so make it, or that it would have been just to the property holder to have done so.   Certainly, he was not injured because but a small fraction of the tract was made liable for the levy instead of the whole of it.   The question of benefits was confined by both parties, on the trial below, to the one hundred and fifty-eight feet, no one claiming that other parts of the land would be benefited by the sewer.   Then why should the owner be heard to insist that the levy should have been upon the entire forty acres?

The offered evidence as to where the assessment roll was made and by whom the writing was done was properly excluded, as wholly immaterial.   There was · no issue of that kind before the jury.

There is no substantial error in this record, and the judgment of the county court will be affirmed.

*Judgment affirmed.*