THE PEOPLE *ex rel.* S. B. Raymond, County Collector,

*v.*

HUGH T. BIRCH *et al.*

*Opinion filed February 18, 1903.*

1. SPECIAL TAXATION—*owner may object, on application for sale, that ordinance is void.* A property owner may object, on application for judgment of sale for a special tax levied under the Sidewalk act of 1875, that the ordinance is void for insufficient description of the improvement.

2. SAME—*when sidewalk ordinance is void for granting discretion to commissioner of public works.* A sidewalk ordinance, passed under the act of 1875, is void for granting a discretion to the commissioner of public works, which leaves it optional whether torpedo gravel or some other gravel to be selected by the commissioner of public works is to be used in the finish coat.

3. SAME—*when provision of sidewalk ordinance is not invalid.* A provision in a sidewalk ordinance that the body of the walk may be composed of broken stone or coarse gravel not larger than will pass through a certain size ring is sufficiently specific, and a property owner may rightfully use either in building his walk.

4. SAME—*purpose of provision requiring description of sidewalk materials.* The purpose of the provision of the Sidewalk act of 1875 requiring the materials to be described, is not only to determine the cost and the question whether the constructed walk complies with the ordinance, but also to enable the property owner to properly construct his portion of the walk if he so desires.

201—6

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

STACEY W. OSGOOD, and MILLARD F. RIGGLE, for appellant.

HUFF & COOK, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an application in the county court of Cook county by the appellant, as county treasurer of Cook county, for judgment of sale against the property of the appellees for the amount of a special tax levied by the village of Winnetka under the provisions of an act approved April 15, 1875, in force July 1, 1875, entitled "An act to provide additional means for the construction of sidewalks in cities, towns and villages," (Hurd's Stat. 1899, p. 319,) for the construction of a cement sidewalk on the north side of Winnetka avenue, in said village. The appellees appeared and filed objections to the entry of judgment on the ground that the ordinance upon which said special tax was based was void, in that it did not specifically describe the nature, character, locality and description of the sidewalk, and that it granted a discretion to the commissioner of public works unauthorized. The court sustained the objections and denied the application for judgment, and an appeal has been prosecuted to this court.

Section 1 of the ordinance, after providing that the foundation of the sidewalk shall be brought within four and one-half inches of the established grade, is as follows: "On which shall be placed a layer of concrete four inches in thickness, composed of one part of the best imported Portland cement, two parts clean, coarse, sharp sand and five parts of broken stone or clean, coarse gravel of a size not larger than will pass through a two and a half inch ring, thoroughly mixed while dry, and sufficient water added to bring a slight amount of water

to the surface after thoroughly ramming the concrete into place. The second layer, or finish coat, is to be one-half inch in thickness, composed of one part of the best imported Portland cement and one part torpedo gravel, or other gravel satisfactory to the commissioner of public works of the village of Winnetka."

The specific objections against the ordinance relied upon are, that the concrete forming the body of the walk is to be composed of "one part of the best imported Portland cement, two parts clean, coarse, sharp sand and five parts of broken stone *or* clean, coarse gravel of a size not larger than will pass through a two and a half inch ring," and that the second layer, or finish coat, is to be "composed of one part of the best imported Portland cement and one part torpedo gravel, *or* other gravel satisfactory to the commissioner of public works of the village of Winnetka," and it is urged in support of said objections that from the ordinance it is uncertain whether broken stone or gravel is to be used in the construction of the body of the walk, and that it is uncertain whether torpedo gravel, or other gravel to be selected by the commissioner of public works, is to be used in the top layer or finish coat, which renders the ordinance void. The majority of the court are of the opinion that the ordinance is sufficiently specific in providing that the body of the walk may be constructed of broken stone or gravel, as the broken stone or gravel which the ordinance provides may be used is of the same size and the quality of the sidewalk when completed would be substantially the same whether broken stone or gravel was used, and that the property owner might rightfully use either in case he should determine to construct a walk in front of his property; but the court is of the unanimous opinion that the ordinance, in providing that torpedo gravel or other gravel satisfactory to the commissioner of public works may be used in the top layer or finish coat, grants a discretion to the commissioner of public works which is not

proper, and which has the effect to render the ordinance void, and that on that ground the court properly refused to confirm the assessment. In a proceeding like this the property owner has no opportunity to be heard until application is made for judgment of sale against his property, and may then properly raise the question that the ordinance which is the basis of the special tax is void. *Biggins' Estate* v. *People,* 193 Ill. 601.

Section 2 of the Sidewalk act of 1875 in part reads as follows: "Said ordinance shall define the location of such proposed sidewalk with reasonable certainty, shall prescribe its width, the materials of which it shall be constructed, and the manner of its construction." In *Vennum* v. *People,* 188 Ill. 158, it is said (p. 164): "In a proceeding for the collection of taxes, where the owner may be deprived of his property, the requirements of the statute must be strictly complied with. * * * Courts are clothed with no discretion in upholding or setting aside levies of special taxes. The levy and its collection can only be made by virtue of the ordinance and in the mode therein provided, and when its plain requirements have been ignored the tax is void."

An ordinance, under the Sidewalk act, should prescribe the materials of which the walk is to be constructed,—not alone that the cost of the sidewalk and whether its construction complies with the ordinance may be determined, but that the property owner, if he desires to avail himself of the right conferred upon him by the statute, may construct the sidewalk in front of his property. If the ordinance is so indefinite that the property owner cannot tell therefrom whether he is required to use in the construction of the second layer, or finish coat, torpedo gravel or some other gravel to be selected by the commissioner of public works, he would be unable to avail himself of the right conferred upon him by the statute to build the sidewalk in front of his own property. In the *Biggins case* it was held an ordinance which

failed to fix the grade of the walk by express terms or by reference, so that the property owner might know definitely at what grade to lay the walk in case he desired to avail himself of his right to construct the walk in front of his property, was void. The same rule must be held to apply here, and the ordinance held to be void for a failure to definitely fix the materials of which the second layer, or finish coat, is to be constructed. To delegate to the commissioner of public works the power to determine what materials should be used in the walk would be to override the statute, which requires the ordinance to prescribe the materials of which the sidewalk is to be constructed, and open the door to fraud and favoritism in letting contracts for the construction of sidewalks under said act.

In *Cass* v. *People*, 166 Ill. 126, in passing upon an ordinance which failed to describe the water service-pipes provided for in a public improvement, the court said (p. 127): "It not only does not specify with sufficient definiteness the nature and character and description of the improvement, but it leaves the nature, character and description of the improvement largely to be determined by the department of public works. The department of public works is thereby invested with a discretion in regard to how the improvement should be made. We have held that an ordinance thus clothing the department of public works with discretionary power is void. The responsibility of directing the mode and manner and extent of such public improvements is with the common council. An attempt to vest the board with discretionary powers in such cases may afford a cover for unfair estimates, and 'open the door to fraud and favoritism in letting contracts for the work.'"

For the reason pointed out the ordinance was void, and the court properly so ruled. The judgment of the county court will be affirmed.           *Judgment affirmed.*