THE CITY OF CHICAGO, Appellant, *vs.* JOHN V. LEMOYNE
*et al.* Appellees.

*Opinion filed December 22, 1909—Rehearing denied Feb. 4, 1910.*

1. SPECIAL ASSESSMENTS—*an ordinance need not specify every detail of work.* An ordinance which prescribes the place where curbs are to be located, their height and width, the place where the curb is to start and end, the amount of new curbing to be used and the amount of old curbing to be re-set, and provides that the work shall be done in a workmanlike manner under the superintendence of the improvement board, need not particularly specify what old curb-stones shall be used nor at what points in the curb line they shall be re-set.

2. SAME—*when an improvement board is not vested with improper discretion.* The fact that the board of local improvements has discretion, under the ordinance, to say what old curb-stones shall be used and where they shall be re-set in the curb line does not render the ordinance void, since if they select stones which are unfit for use their acceptance of the improvement can be annulled by the county court and the contractor be compelled to replace worthless curb-stones in such manner as the court may direct.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

GEORGE A. MASON, and WILLIAM T. HAPEMAN, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellant.

JOSEPH H. FITCH, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application in the county court of Cook county for the confirmation of a special assessment levied to pay for paving and curbing Thirty-eighth street, in the city of Chicago, from a line parallel with and 475.3 feet east of the east line of Butler street to the east line of South Morgan street. The appellees appeared and filed objections to the confirmation of said assessment as to their

property, which objections were sustained and the proceedings were dismissed, and the city has prosecuted this appeal.

The ordinance provides for the placing of 6784 feet of curbing along the lines of said improvement, one-half of which was to be constructed by re-setting the old curb-stones and the other one-half by using new curb-stones, and the objection against confirmation insisted on in this court is, that the improvement ordinance does not sufficiently describe the nature, character, locality and description of the improvement, in this: that it does not point out specifically where the new curb-stones are to be set nor where the old curb-stones are to be re-set along the curb lines on each side of the improvement nor describe the character and quality of the old curb-stones which are to be re-set, but leaves the places where new curb-stones are to be set and the character and quality of the old curb-stones and the places where they are to be re-set to the discretion of the board of local improvements, which, it is urged, makes the improvement ordinance void. The ordinance names the street to be improved, prescribes the place where the curb lines are to be located, their height and width, the place where they are to start and where they are to end, the amount of new curbing to be put in and the amount of old curbing to be re-set, and that the work "shall be done in a workmanlike manner, under the superintendence of the board of local improvements." The only thing about the construction of the curbing which is left uncertain is, it is not specifically stated in the ordinance where the new curb-stones are to be placed or the quality and character of the old curb-stones to be used and the places where they are to be re-set. It is not necessary that an improvement ordinance set forth every detail of the improvement and point out all the particulars of the work. A substantial compliance with the statute is all that is necessary, (*Chicago Union Traction Co.* v. *City of Chicago,* 222 Ill. 144,) and some discretion as to the details of the

work must necessarily be left to the board of local improvements. (*City of Springfield* v. *Mathus,* 124 Ill. 88; *Jones* v. *City of Chicago,* 213 id. 92; *Guyer* v. *City of Rock Island,* 215 id. 144; *Gault* v. *Village of Glen Ellyn,* 226 id. 520; *Northwestern University* v. *Village of Wilmette,* 230 id. 80; *Village of Oak Park* v. *Galt,* 231 id. 365; *City of Chicago* v. *Gage,* 237 id. 328.) We are of the opinion, in the construction of an improvement like the one under consideration, the discretion vested in the board of local improvements to determine which of the old curbstones now along the line of the improvement are fit to be re-set and the places in the curb lines where the old stones shall be re-set and where new ones shall be set does not render the ordinance void.

It is urged, however, if this discretion is vested in the board of local improvements, said board may permit the use in the new improvement of old curb-stones which are unsound, cracked, seamed and substantially worthless, and that the improvement ordinance should have specifically pointed out the precise stones which were to be re-set, or the ordinance should have specifically described the character and quality of the old curb-stones which were to be re-set. In *Jones* v. *City of Chicago, supra,* the objection that the language of the ordinance "that seven parts best quality of broken limestone, or other stone which shall be equal in quality for concrete purposes," was indefinite and uncertain was held to be of no substantial merit. In the *Guyer case, supra,* the ordinance provided that all grading should be done which might be necessary to bring the surface of the roadway of the street to the proper sub-grade, and that "all filling required shall be of suitable material found on the work designated by the engineer." The ordinance also provided "the radius of corner curbs shall be six feet, or as the engineer may specify." It was objected that the ordinance vested the city engineer with power to designate the material which should be used to make any

fills found to be necessary to bring the street to the required grade and with power to determine the radius of the curbs at all corners of streets and alleys. It was, however, held that the ordinance did not invest the engineer with improper discretionary power. In *Gault* v. *Village of Glen Ellyn, supra,* the ordinance provided that "wherever, in the laying of the foregoing lines of pipe, it may be necessary to change the line or grade of any pipe the change shall be made with specially curved pipes or bends." It was held that this provision left no improper discretion in the engineer as to where changes should be made in the lines of pipe or where specially curved pipes or bends should be used, but confined such changes and the use of specially curved pipes or bends to such places in the lines of pipe as were found necessary to make the lines of pipe conform to the grade, and that it was proper to leave the determination of that question to the engineer in the construction of the work. In the *Northwestern University case, supra,* it was objected that no provision for the cost of re-paving the streets in which the sewers were to be constructed had been made. It was said by this court that the improvement would not be made in "a good and workmanlike manner" if the portions of the streets where sewers were laid were left unpaved and if the earth excavated and not used for filling was allowed to remain in the streets as an obstruction to travel. It was further urged in the latter case that the ordinance provided that the improvement should be under the direction and supervision and be made to the satisfaction of the board of local improvements, and that to allow said board to determine whether the work of construction had been performed in a good and workmanlike manner would be to vest a discretion in the board which would render the ordinance void. In holding that this provision did not vest an unreasonable discretion in the board it was said (p. 84): "The approval of the work by the board of local improvements is only ten-

tative, as before the improvement can be accepted and paid for by the village the court in which the assessment is confirmed must determine that the improvement is constructed substantially according to the improvement ordinance; * * * and should the board of local improvements determine that the sewers had been put in in a good and workmanlike manner when paved streets remained torn up and obstructed by earth, the approval would be annulled by the court and the improvement would be directed to be completed by replacing the pavement which had been disturbed and removing the earth from the surface of the streets before the construction of the work would be approved and the contract price directed to be paid to the contractor, so that there is nothing to be feared from the abuse of the power conferred upon the board of local improvements to supervise the construction of the work upon the improvement." In *Village of Oak Park* v. *Galt, supra,* a paving ordinance provided that the wearing surface should be "a layer of re-pressed brick, either Metropolitan block, of Canton, Ohio, or other brick equally good, to be approved by the board of local improvements," and it was held not to confer an improper discretion upon the board of local improvements in selecting the material to be used. In *City of Chicago* v. *Gage, supra,* the provision of the ordinance was that one of the ingredients of the concrete should be "torpedo sand or limestone screenings, or other material equal thereto for concrete purposes," and it was held that this ordinance was not uncertain and did not give an improper discretion in the selection of the material to be used. And in this case, if the board of local improvements permitted worthless curb-stones to be re-set in the curb lines,—that is, curb-stones which were broken, cracked, seamed and substantially worthless,—and accepted the improvement so constructed, its approval would be annulled by the county court and the contractor would be directed to

replace such curb-stones in such manner as the court might direct. *City of Chicago v. Gage, supra.*

We are of the opinion that the ordinance was sufficiently specific and that it did not vest an improper discretion in the board of local improvements.

The judgment of the county court will be reversed and the case remanded to that court for a new trial.

*Reversed and remanded.*