THE CITY OF WATSEKA, Appellee, *vs.* ALICE K. ORE-
BAUGH *et al.* Appellants.

*Opinion filed February 17, 1915.*

1. SPECIAL TAXATION—*description of an improvement may be
aided by plan and profile attached to ordinance.* The description
of an improvement may be aided and made certain by a plan and
profile attached to and made a part of the ordinance to the same
extent as though the plan and profile had been incorporated at
length in the body of the ordinance.

2. SAME—*number of driveways or entrances to private prop-
erty is not an essential matter of description.* The fact that an
ordinance for the construction of a pavement with combined curb
and gutter is uncertain as to the number of private driveways
that may be constructed by owners of property along the line of
the improvement does not render the ordinance either defective or
void, where the ordinance provides that openings in the curb for
such driveways may be made by order of the board of local im-
provements without additional cost to the city.

3. SAME—*it is not improper to vest improvement board with
discretion as to number of private driveways.* A provision in an
ordinance for the construction of a pavement and combined curb
and gutter that openings in the curb for private driveways may
be made by order of the board of local improvements without ad-
ditional cost to the city is not an improper delegation of discre-
tionary power.

4. SAME—*what is not a delegation of discretionary power.* A
provision in a paving ordinance that after the roadway has been
rolled and compacted a sufficient quantity of half-inch stone or tor-
pedo sand shall be spread upon the surface to protect the road-
way while it is becoming set, is an exercise of discretion by the
city council and not a delegation of discretionary power to the
contractor or any other person. (*People* v. *Birch,* 201 Ill. 81, dis-
tinguished.)

5. SAME—*when an objection that ordinance fails to specify the
amount of special tax levied is untenable.* An objection that an
ordinance for the construction of an improvement is void because
it fails to specify the amount of special tax levied upon the prop-
erty is untenable, where the ordinance provides that the whole
cost of the improvement, including a specific sum for the cost of
making, levying and collecting the tax, shall be levied upon the
property contiguous to and abutting upon the improvement.

6. SAME—*city council's decision that whole cost shall be paid by special taxation of abutting property is conclusive.* The determination of a city council that the whole cost of an improvement shall be paid by special taxation of abutting property in proportion to frontage, and that nothing shall be assessed as public benefits, is conclusive.

7. SAME—*when amendment of the special tax roll is proper.* Where the commissioner has spread a special tax against an entire lot abutting upon an improvement, but it is shown, when the tax roll is offered in evidence, that the person named as owner of such lot does not own a strip of the lot on the end farthest from the line of the improvement, it is proper to amend the roll so as to eliminate the portion of the lot not abutting upon the line of the improvement.

8. SAME—*grade ordinance need not be set out in improvement ordinance.* It is not necessary to set out a grade ordinance in an ordinance for improving a street, but if the written objections filed make the point that no grade is fixed it is necessary to prove the existence of the grade.

APPEAL from the County Court of Iroquois county; the Hon. JOHN H. GILLAN, Judge, presiding.

O. F. MORGAN, and DAVID A. OREBAUGH, for appellants.

ROSCOE C. SOUTH, City Attorney, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The city of Watseka levied a special tax on abutting property to pay the cost of constructing in Jackson avenue a macadam and Tarvia-X roadway, with a concrete combined curb and gutter at each side of the roadway. An assessment roll was returned into the county court and the appellants filed objections to the confirmation of the roll. An amendment of the roll was made by direction of the court, and as amended it was confirmed after a trial by jury on the question of benefits.

The appellants objected to the ordinance on the ground that it did not sufficiently describe the improvement, and specified the following particulars in which it was alleged to be defective: That it did not show the length of sewer-tile to be used in connecting catch-basins with any existing drain, nor with what sewer or tile drain they were to be connected, nor the depth at which they were to be laid; that it was uncertain and indefinite as to the number of private driveways that might be constructed through the combined curb and gutter, and that where two inlets were mentioned at any station they were to be placed on each curb, requiring the making of four inlets instead of two. The ordinance made a plan, plat, profile and cross-section of the improvement a part of the ordinance, and it was attached thereto as "Exhibit A." It is not contended that "Exhibit A" did not definitely show the things which are claimed to be uncertain, nor that it did not show that there is to be only one inlet at each curb, making two at each station, and that method of describing the improvement was proper and sufficient. The plan and profile attached to and made a part of the ordinance had the same effect as though it had been incorporated at length in the body of the ordinance. *Gault* v. *Village of Glen Ellyn,* 226 Ill. 520; *City of Chicago* v. *Kemp,* 240 id. 56; *City of Hillsboro* v. *Grassel,* 249 id. 190.

The ordinance was uncertain as to the number of private driveways that might be constructed by owners of property along the line of the improvement. The ordinance provided that the openings in the curb for such driveways might be made by order of the board of local improvements without additional cost to the city; but permitting such driveways as might become necessary, whether many or few, did not affect the description of the improvement, except that the curb would not extend across the driveway, which would lessen the cost of the improvement. Appellants could not possibly be harmed by the provision, be-

cause there would be less curb to be built and the provision was for the benefit of property owners whose property fronted on the improvement and who were taxed for its construction. The number of driveways or entrances to private property was not such a matter of description of the improvement as made the ordinance either defective or void.

Another objection was that the ordinance granted a discretion both as to the number of private driveways and the material to be used in construction, that rendered it void. Some discretion must necessarily be left to the public authorities, (*City of Chicago v. LeMoyne,* 243 Ill. 379,) and the discretion about the private driveways was not only essential but in the interest of the property owner. The material about which it is claimed discretion was conferred was to be used for the protection of the surface while hardening. The ordinance provided that after the roadway had been rolled and compacted, a sufficient quantity of half-inch stone or torpedo sand should be spread upon the surface to protect the roadway while "setting-up," but no discretion was thereby given to the contractor or the person in charge of the work. The city council exercised its discretion and specified one of two things which should be used, and there is no similarity between this case and the case of *People v. Birch,* 201 Ill. 81, where the commissioner of public works was permitted to use either torpedo gravel or any other gravel satisfactory to him.

It was objected that the ordinance was void because it did not specify the amount of the special tax levied upon the property. The ordinance provided that the whole cost of the improvement, including a specific sum for the cost of making, levying and collecting the tax, should be levied upon the property contiguous to and abutting upon the improvement, in proportion to the frontage of each lot, block, tract or parcel of land. The levy could not in any way have been made more definite, and the objection that the

entire cost of the improvement was levied upon abutting property in proportion to the frontage and nothing was assessed to the public for public benefits is answered by the cases of *City of Peru* v. *Bartels,* 214 Ill. 515, *City of East St. Louis* v. *Illinois Central Railroad Co.* 238 id. 296, *City of Kankakee* v. *Illinois Central Railroad Co.* 258 id. 368, and *City of Ottawa* v. *Colwell,* 260 id. 548. The decision of the city council that the whole cost should be paid by taxation of abutting property was conclusive.

The commissioner spread the tax against all of lots 1 and 2 of block 9 in Chamberlain's addition to Watseka. Each of the lots had a frontage of 200 feet on Jackson avenue and extended south with a depth of 218 feet, lot 1 extending along Third street and lot 2 along Fourth street. When the assessment roll was offered in evidence appellants objected because the objector Alice Orebaugh only owned the north 138 feet of the two lots. The south 80 feet of the lots were not owned by the objector, and the roll was amended so that the tax was only levied upon the north 138 feet fronting on Jackson avenue. Objection was then made to the amended roll that only a part of the lots was taxed, when, under the law, the whole of the lots should be taxed because the lots fronted on the street. The south 80 feet not owned by the objectors had no frontage on Jackson avenue, and the ownership of different portions of the lots having been separated, it was not only proper, but essential, that the south 80 feet should be eliminated from the roll. *City of Springfield* v. *Green,* 120 Ill. 269; *City of Kankakee* v. *Illinois Central Railroad Co. supra.*

Counsel, in stating the objections, call attention to the provision of the ordinance that the elevation or bench-marks and grade lines shown on the exhibit referred to an official datum plane established by an ordinance therein specified and the grade was fixed at certain stations according to that datum, but there was no proof at the trial of the ordinance establishing a datum. This objection is not

mentioned in the argument except in the reply brief and might be regarded as abandoned, but if properly made it would be unavailing. It is not necessary to set out a grade ordinance in the improvement ordinance, but if objection that no grade is fixed is made, it is necessary to prove the existence of the grade ordinance. (*Brewster* v. *City of Peru*, 180 Ill. 124.) In the written objections filed, the particulars in which the ordinance was alleged to be defective were specified and the want of an established grade was not included in the specifications. Having enumerated the particular objections all others were waived.

The judgment is affirmed.    *Judgment affirmed.*