ABRAHAM S. COLE, Appellant, *v.* THE CITY OF PEORIA, Appellee.

### APPEAL FROM PEORIA COUNTY COURT.

In a proceeding to open a street in the city of Peoria, under the acts incorporating that city, the owner of property offered to make certain proofs before the county court, which were to confirm the report of commissioners; that the commissioners had prejudged his case, and that proof before them by him would have been useless; which the county court refused to receive: *Held,* That this was erroneous; and that affidavits showing the value of the property, its condition, and the benefits and injuries were also proper to be produced.

THIS was a proceeding on the part of the city of Peoria, under the several acts incorporating that city, to open Washington street, from Liberty street to the northerly line of Lisk's addition.

The county court (before which the proceeding was had) appointed the commissioners, who were sworn, and made their assessment and report, which was confirmed. The commissioners were to ascertain and assess the damages and recompense due the owners of land, by reason of opening of said

street; to determine what persons would be benefited, and to assess the damages on the real estate benefited.

There was an order that execution issue to the sheriff to levy and sell the lots against which judgment was rendered. There was a judgment against the appellant here for $22.65, as the amount which he would be benefited over and above the amount of his damages.

On the hearing of the report of the commissioners, the appellant filed his objections, in writing, to its confirmation, and at the same time presented and filed an agreement and affidavits, in substance as follows: That appellant would establish by legal testimony, as the court might direct, the following facts:

That he (appellant) is the legal owner of said land; that it is worth $2,000 per acre; is inclosed by a substantial board fence; that he owns adjacent land, on which he has had for five years a large distillery and flouring mill; that said lot was inclosed for pasturing and feeding cattle and hogs, of which he keeps a large number at distillery; that said lot is a necessary appurtenance to distillery for that purpose; distillery lot too wet and small; that said street would damage him $1,000 a year, exclusive of land taken; that a fence on each side of said street would cost $100.

That owners of land south of Lisk's addition, and west and south-west of the same, would. be principally benefited; that large manufactories are there erected and in progress, all of them long after Cole built his distillery; that these owners have been mainly instrumental in procuring the opening of this street, and most interested in the same for their own benefit; that none of the expense of said street has been assessed on said lands; that said street would be a damage, and no benefit, to Cole; that the damages assessed to Cole are inadequate — not more than one-fourth the value of the land; that the "benefits" are wholly speculative, imaginary, and based on a contingency which cannot happen without Cole's assent, and which would destroy its value for its intended uses; that commissioners did not examine any witnesses.

Affidavit of A. S. Cole, that the matters stated in said offer of proof are true: That he was prevented from attending the meeting of commissioners with witnesses, by information from said Jacob Darst on the same day, or a day or two before said meeting; that it would be useless to do so, as commissioners had made up their minds on the subject.

Affidavit of G. H. Stone: Attended the last meeting of commissioners appointed to assess damages in the matter of said street, as counsel of said Cole, and expected to meet there said Cole with his witnesses, according to arrangement; that said Cole or witnesses not appearing, he requested commis-

sioncrs to postpone the hearing until the next day, which they declined; that said Darst said he did not suppose any testimony offered by Cole would make any difference, as commissioners had made up their minds; that he believes Cole's affidavit to be true, because Cole had excused his non-attendance to affiant for reasons then stated.

Affidavit of S. Voris:   Believes said (Cole's) lot to be worth $2,000 per acre; same is inclosed with a fence, as stated in Cole's affidavit; that lands south of Lisk's addition would be principally benefited by opening said street, because there is no means of access except by a circuitous route.

Affidavit of H. Forsyth:   Believes said lot to be worth $2,000 per acre; fenced about three years ago for pasturing and foddering cattle and hogs kept at Cole's distillery, and has been so used ever since; that Cole keeps a large number of cattle, and does large business; that the opening of said street would be a considerable damage to Cole, exclusive of the value of the land taken, without benefit, as it would impair its value for present use; that the owners of distilleries, etc., south of Lisk's addition, would be materially benefited by opening said street, because the only access is by way of the railroad (which is private property, and often difficult), and Adams street.

Court rejected said offer of proof by Cole, and also said affidavit of Cole, and also said affidavits of Voris and Forsyth, and overruled said objections to said report, and confirmed the same, and ordered executions to issue pursuant to the statute, etc.   To all which Cole excepted and prayed this appeal.

WILLIAM F. BRYAN, for Appellant.

WEAD and WILLIAMSON, and MANNING and MERRIMAN, for Appellee.

CATON, J.   The county court undoubtedly erred in refusing to admit the testimony offered, tending to show that Cole had been prevented from producing his proofs before the commissioners, by reason of the statements made to him by Darst, one of the commissioners, that such proofs would be useless; as the commissioners had already made up their minds in the case.   Such statements coming from one of the judges, whose duty it was to decide the matter in controversy, may well have deterred the party from producing his proofs before that tribunal, and a report coming from a commissioner, who had thus publicly declared his pre-judgment of the case, could not be scrutinized too closely by the county court.   It has a bad appearance.   Again, the court should have admitted the

affidavits of Voris and Forsyth. The question now is not what extent of influence this proof should have had on the mind of the court, but simply whether it was competent evidence to be considered at all by the court, whose duty it was to affirm or disaffirm the report of the commissioners. We think the court erred in its decision, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*