WALTER FALLS

*v.*

THE CITY OF CAIRO.

| | |
|---|---|
| 58 | 403 |
| 34a | 222 |

| | |
|---|---|
| 58 | 403 |
| 160a | 276 |

| | |
|---|---|
| 58 | 403 |
| 158 | 17 |

| | |
|---|---|
| 58 | 403 |
| 99a | ³ 96 |

| | |
|---|---|
| 58 | 403 |
| 196 | ³546 |
| 196 | ²547 |

1. OF VOLUNTARY *and compulsory payment.* It has been held, that the payment of an assessment, made to a collector of taxes, while having in his hands a warrant to levy and collect the amount of the assessment of the goods and chattels of the owner, might be considered compulsory, and made under such circumstances as would authorize the party paying the money to recover back the same, if the assessment was illegally made.

2. But this rule does not apply where a special assessment is paid to the officer while having in his hands a precept which can only be levied upon the lands of the owner. In such case, the payment will be regarded as voluntary, because a sale under the precept would not disturb the owner in the free enjoyment of his property, and his remedies would still remain to him, in case the assessment was illegal.

3. ACTION—*to recover money back.* The rule is, if a party, with full knowledge of all the facts of the case, voluntarily pays money in satisfaction or discharge of a demand unjustly made on him, he can not afterwards recover back the money.

4. Where a party has voluntarily paid a special assessment, the fact that others have failed to pay, or that the municipal authorities have abandoned the collection of other assessments in respect to the same improvement, will not aid the party who has paid, in recovering back his money.

5. FAILURE OF CONSIDERATION. Where a party sought to recover back money voluntarily paid upon a special assessment, made for the construction of a certain public improvement adjacent to his premises, on the ground that the consideration for the payment had wholly failed, it was considered, the improvement having been made, the plaintiff had received a full equivalent or compensation for the money paid, in the enhanced value which his property had derived from the improvement.

APPEAL from the Circuit Court of Alexander county ; the Hon. DAVID J. BAKER, Judge, presiding.

Messrs. MULKEY, WALL & WHEELER, for the appellant.

Mr. JOHN M. LANSDEN, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action of assumpsit for money had and received, brought to the April term, A. D. 1870, of the Alexander circuit court, by appellant against appellee, to recover back certain moneys paid in 1868, as special assessments upon appellant's lots, in the said city of Cairo.

In the year 1867, the city of Cairo, through the city council, ordered Washington avenue and Poplar street, two streets of the city, to be graded and filled. To defray the expenses of these improvements, a special assessment was laid upon the lots fronting, bounding or abutting on said streets. The appellant owned two lots, assessed in his name, which run through from Poplar street to Washington avenue, and were assessed for the filling of both streets, and also four other lots, fronting on Washington avenue, and assessed for the filling of the said avenue. The assessments were made by the board of public works, confirmed by the city council, and warrants issued to the collector of city taxes, directing the collection thereof. The amounts assessed upon appellant's lots were not paid within the time fixed by the city council, and after publishing his lots as delinquent, a judgment against each of them was rendered in the county court of Alexander county. After the rendition of these judgments, and the issuing of precepts to sell said lots, the appellant paid the amount assessed upon his six lots, amounting, in the aggregate, to $1,602.56. The city then abandoned the collection of the assessments in which were included appellant's lots, and for the filling of Poplar street and Washington avenue, and after applying the amounts collected, by virtue of the special assessments, to the payment for the filling and grading of said streets, issued the bonds of the city in payment for the balance, and all property, real and personal, in the city, is taxed to pay the interest on these bonds, as well the lots of appellant, upon which he has paid his assessments, as other property. To recover back this amount, with interest from date of payment, the appellant

brought this suit, and he insists upon the following points, upon which he bases his right to recover:

*First,* The assessments were illegal, unconstitutional and void.

*Second,* The payment of the assessments by appellant was compulsory.

*Third,* To retain the money paid, after an abandonment of the assessments, would be in violation of the constitution, and contrary to equity and good conscience.

*Fourth,* The consideration for which the money was paid, has wholly failed.

By reference to sec. 5, art. 5, of the charter of Cairo, private laws of 1867, vol. 1, page 382, we find the city council is empowered to cause any street to be filled and graded, "and to assess and collect the expense and cost of the same, together with the expense of collection, from the real property benefited thereby, to the extent of the benefit so conferred by such improvement, the balance of the cost of such improvement to be paid out of the improvement fund, said assessment and collection to be made as the city council may, by ordinance, direct."

To carry into effect this provision of the charter, an ordinance was passed by the city council. Section 8 of this ordinance provides: "After said contract has been awarded, or said material furnished, and work performed by the city, the board of public works shall immediately proceed to make an assessment of the proper proportions of the expense and cost of such improvement upon each lot or part of lot fronting, bounding or abutting upon the street, avenue or highway, or portion of street, avenue or highway filled, * * * assessing to each lot or portion of lot, the special benefit conferred by such improvement upon such lot or portion of lot; the total amount of such special benefit, however, not to exceed the total cost of such improvement, or proposed improvement." The same section imposes upon the board of public works, the duty of examining the locality where the proposed improvement is to

be made, as well as all lots, or parts of lots, that will be specially benefited thereby.

Admitting these assessments to have been illegal, unconstitutional and void, because the making of the assessments was confined to the particular property fronting upon the street, which might be specially benefited, and was not extended to all property which might be so benefited, after having paid them, under the circumstances of this case, is the appellant entitled to recover the money back, on the ground of the payment having been a compulsory, and not a voluntary one ?

The precept which was in the hands of the officer at the time these assessments were paid, did not authorize him to levy upon the goods and chattels of the appellant, but directed him merely to make sale of the lots to satisfy the assessments.

In *Bradford* v. *The City of Chicago*, 25 Ill. 411, it was held, that the payment of an assessment made to a collector of taxes, while having in his hands a warrant to levy and collect the amount of the assessment of the goods and chattels of the owner, might be considered compulsory, and made under such circumstances as would authorize the party paying the money, to recover back the same, if the assessment was illegally made.

But it was decided in *Stover* v. *Mitchell*, 45 Ill. 213, that a levy of an execution upon one's land, did not make a case of such duress or compulsion, that a payment made to prevent the sale of the land under the execution, could be recovered back as a compulsory payment. It was held to be a voluntary payment, and not one made under duress ; and it is there said, "It is insisted, that the levy of the execution on Stover's land was the exercise of such compulsion as to interfere with Stover's freedom of action. No case is cited going to this extent, and we venture to say none can be found. In order to render such a payment compulsory, such a pressure must be brought to bear upon the person paying, as to interfere in some way with the free enjoyment of his rights of person or

property," citing *Bradford* v. *The City of Chicago, supra,* and *Elston* v. *The City of Chicago,* 40 Ill. 514.

There was here no interference with the plaintiff's free enjoyment of his property, and there would not have been, by making sale of it under the precept. Such sale would not have disturbed his possession of the property ; he would then have had two years to redeem from the sale, and if, at the end of. that time, the purchaser had obtained his tax deed, and brought his action of ejectment for the recovery of the possession, the illegality of the assessments could have been shown in defense, and the recovery of possession defeated. Or, had the plaintiff desired to remove any cloud which might be brought upon his title by such a sale, he could have had his remedy for that purpose.

It is very unlike the case of the payment of money, made to avoid the seizure of goods, or to gain the possession of them, where there may be a pressing necessity for their immediate use, and being of a movable and perishable character, any legal remedy might be inadequate for full protection. The reasons upon which it is held, that when a party is compelled, by duress of his person or goods, to pay money for which he is not liable, the payment is not voluntary, but compulsory, and that he may rescue himself from such duress by payment of the money, and afterwards, on proof of the fact, recover it back, do not apply in the case of real estate threatened with such action, as in the present case. And we think the payment of these assessments was not made under such circumstances of constraint and compulsion, as to except it from the operation of the legal principle, that if a party, with full knowledge of all the facts of the case, voluntarily pays money in satisfaction or discharge of a demand unjustly made on him, he can not afterwards recover back the money.

As to the third point, the reason does not appear why the collection of the other assessments was abandoned. If they were illegal and void, as claimed, we may presume it to have

been, because they were not paid voluntarily, and the city could not enforce their collection.

But the improvement was not abandoned—it was completed; and the money paid by the plaintiff was not retained by the city, but it was applied towards the expense of the improvement.

The plaintiff has but paid the amount of the special benefit which his property derived from the improvement. It was but equitable that he should do so. The circumstance that others have failed to make payment for their special benefits, does not vary the case.

It does not appear to us to be contrary to equity and good conscience, for the city to retain this money, and apply it in relief of the general property owners from the payment for a special benefit conferred upon the plaintiff alone.

As to the consideration for the payment having wholly failed, the improvement having been made, it is to be considered that the plaintiff has received a full equivalent or compensation for the money paid, in the enhanced value which his property has derived from the improvement. *Canal Trustees et al.* v. *The City of Chicago*, 12 Ill. 403; *Sharp* v. *Speir*, 4 Hill, 76.

In *Bradford* v. *The City of Chicago, supra,* the cases of *Bank of New Orleans* v. *The City of New Orleans*, 12 Lou. Ann. R. 421, *The City of Louisville* v. *Zanone*, 1. Met. (Ky.) 151, and *Walker* v. *The City of St. Louis*, 15 Mo. 574, were cited, which decide, that where an illegal special assessment for special benefits has been voluntarily paid, it is not recoverable back, on the ground that a consideration was received for the money paid, in the special benefit conferred by the improvement, and one so benefited was not, in good conscience, entitled to recover back again the money paid.

The case of *Bradford* v. *The City of Chicago, supra,* is distinguished from the present one, not only by the fact that there the collector had in his hands a warrant against the goods and chattels of the plaintiff at the time the payment was made, but

the contemplated improvement was not made, but was abandoned, so that the consideration for the payment had wholly failed.

The judgment of the court below having been for the defendant, it must be affirmed.

*Judgment affirmed.*