EZRA O. HUNT

v.

THE CITY OF CHICAGO.

1. SPECIAL ASSESSMENT—*interest of a member of the board of public works.* Where two members of the board of public works, one of whom owned property affected, made the assessment for widening a street: *Held,* that the latter was disqualified to act by reason of his interest, and the assessment and the ordinance based upon it were void.

2. PUBLIC OFFICERS—*disqualified to act by interest.* Where public officers are clothed with important powers, subject to but few effectual restraints, so that the rights of private property are almost at their mercy, it must be held that the acts of such officers must be free from the motives of special pecuniary interest, and courts should open the way to a proper investigation of the sources of such improper motives; to do otherwise would be to encourage a prostitution of their powers to their own private ends, by a judicial shield, which should be applied to the protection of the oppressed.

3. EVIDENCE. In such a case, it is error for the court, on an application for a judgment for the assessment, to refuse to permit the defendant to show that one of the two commissioners making the assessment had a pecuniary interest in making it.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. WILLIAM H. HOLDEN, for the appellant.

Mr. M. F. TULEY, corporation counsel, for the appellee.

184        HUNT v. CITY OF CHICAGO.        [Sept. T.,

Opinion of the Court.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was an application by the collector of the city of Chicago, at the March term, 1871, of the Superior Court, for judgment upon a special assessment warrant, to make up the amount which the city failed to collect of an original assessment for opening West Jackson street 66 feet wide, east from Leavitt street to Hoyne.

Numerous objections were filed to the rendition of the judgment.

Upon the hearing in the court below, appellant's counsel proved by one of the commissioners of the board of public works, McArthur, who was called as a witness, that he, McArthur, owned property situate upon one of the corners of Leavitt and Jackson streets; thereupon, the counsel for the city objected to any further evidence on the subject. The objection was sustained by the court and exception taken.

It will be observed that Leavitt street is the starting point of the improvement in question. It appears from the record that the report and application by the commissioners to the council for the new assessment in question, accompanied, as the statute directs, with an ordinance prepared, by which the assessment was to be ordered by the council, was made by only two commissioners, one of whom was McArthur.

Such a report, made by at least two commissioners, was indispensable to a valid ordinance.

By section 37 of chapter 7 of the charter (Gary's Laws, 76,) it is declared that: "If, in any case, the commissioners of the board of public works, or either of them, are specially interested in any special assessment about to be levied, the commissioners or commissioner so interested shall be disqualified from serving in that particular case."

If McArthur was disqualified by reason of a special interest in the proposed assessment, then the report should have been regarded as made by one commissioner alone, and the ordinance based upon it held void.

Where public officers, like these commissioners, are practically clothed with the continuous power of eminent domain, the exercise of which constitutes their almost daily business, and is subject to but few effectual restraints of abuse, so that the rights of private property are quite at their mercy, it is not claiming too much on behalf of private individuals affected by their acts, to insist that, in the exercise of that power in particular cases, the action of such officers shall, at least, be free from the motives of a special pecuniary interest, and courts can not better subserve the interests of a pure administration of public affairs, and the higher ends of government, than by readily and freely opening the way to a proper investigation of the sources of such improper motives. To do otherwise, to summarily foreclose all inquiry by a ruling peremptorily forbidding it, can but tend to impair public confidence in the administration of justice, and encourage a prostitution of the position and powers of such officers holding a high public trust, to their own private ends, by the use of that judicial shield, which should be interposed for the protection of the oppressed, and not of the oppressor.

The officer was himself upon the stand, so that there could be no surprise, and the evidence was admissible under the general objection that the city was not legally entitled to judgment.

The ruling of the court peremptorily forbidding the prosecution of the inquiry was erroneous, and its judgment must be reversed, and the cause remanded.

*Judgment reversed.*