J. IRVING PEARCE *et al.*

*v.*

THE VILLAGE OF HYDE PARK.

*Filed at Ottawa November 15, 1888.*

126  287
141  306
143  161
126  287
151  640
152   22
126  287
158   18
158  447
126  287
170  311
126  287
175   57
126  287
177  467
126  287
183  315
126  287
183  315

1. SPECIAL ASSESSMENTS *for local improvements—of the ordinance— its requisites, as descriptive of the improvement proposed.* An ordinance for a local public improvement by special assessments is not required to set forth the details and all the particulars of the work. A substantial compliance with the statute is all that is required.

2. An ordinance for the raising of funds by special assessment to pay the cost of establishing a system of drainage by means of sewers, well and pumping works, provided that the man-holes therein required should be "furnished with iron covers of the size and weight of those now in use on the man-holes in" a certain boulevard in the village: *Held,* that as the shape and size of the man-holes were given, it would have been sufficient if the ordinance had merely required them to be furnished with iron covers the tops of which should conform to the face of the street grade, and that the statement that the covers should be of equal quality with those used at another place did not invalidate the description.

3. A provision in such ordinance that the fronts of certain boilers and arches should be furnished with a cast-iron boiler front of a pattern similar to one then in use at a designated place, instead of giving the figure, dimensions, pattern and weight of the fronts, is held sufficient. It would have been sufficient if the ordinance had simply required that the front of the boilers and arches should be furnished with a cast-iron boiler front.

4. So a provision that upon certain beds of concrete described, "brick masonry of suitable shape to support the pumping engines therein provided for" shall be constructed, is held sufficiently descriptive as to the shape and style of the foundation for the engines.

5. And a provision that the sewers extending along a certain street shall be provided with house connection slants of four inches of internal diameter opposite every lot fronting that street, on both sides of such street, sufficiently indicates the number of such slants. This means that one connection slant shall be provided for each lot fronting on the street along the sewer, without any regard to the size of the lots.

6. SAME—*reference to maps, plans, etc., in aid of the ordinance.* Since the amendment of 1887, of section 19, article 9, of the General Incorporation act, the nature, locality and description of the improvement may

be specified either by reference to the maps, plats, plans, profiles and specifications of the proposed improvement on file in the office of the proper clerk, or by setting the same forth in the ordinance itself, or both modes of giving the information may be adopted. If both modes are adopted, each will aid and cure defects and omissions in the other.

7. SAME—*confirmation—presumption in its support.* Where the record does not purport to contain the whole of a petition for the confirmation of special assessments, but only the ordinance, which refers to plans and specifications on file in the village clerk's office, it will be presumed that the petition and exhibits contained all the data necessary to show a strict compliance with the statute, in favor of the judgment of confirmation.

8. SAME—*commissioners to levy assessment—interest, as a disqualification.* The mere fact that one of the commissioners appointed to levy a special assessment for a local improvement, was an employe of persons who were agents of the owners of some of the property assessed in his employer's name, will not be such an interest as to disqualify him from acting, there being no claim that the assessment is not fair, just and impartial.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. DOOLITTLE & McKAY, for the appellants:

The ordinance does not specify the "nature, character, locality and description" of the proposed improvement, "either by setting forth the same in the ordinance itself, or by reference to maps, plats, plans, profiles or specifications thereof on file in the office of the proper clerk, or both," with the certainty required by section 19, of article 9, of chapter 24, of the Revised Statutes, as amended by the act of 1887. *Levy* v. *Chicago,* 113 Ill. 650; *Jacksonville* v. *Railway Co.* 114 id. 562; *City of Sterling* v. *Galt,* 117 id. 11; *Village of Hyde Park* v. *Spencer,* 118 id. 446; *City of Kankakee* v. *Potter,* 119 id. 324; *Ogden* v. *Town of Lake View,* 121 id. 422.

F. K. Root, one of the commissioners appointed to make, and who did make, the assessment upon the property claimed to be benefited, was disqualified by interest. He was a trusted employe of Bogue & Hoyt, in whose name, as owners, are as-

sessed several hundred lots and tracts of land, as appears on the assessment roll.

As to appointment and duties of such commissioners, see 2 Starr & Curtis, chap. 24, art. 1, secs. 23, 24, 26, 27, 28, pp. 494-497.

As to interest disqualifying, see *Hunt* v. *Chicago*, 60 Ill. 183.

Mr. JAMES R. MANN, for the appellee:

The ordinance is very specific. It describes carefully and accurately the nature of the work, the character of the work, its locality and description. Rev. Stat. chap. 24, art. 9, sec. 19.

The commissioner Root had no such interest as to disqualify him, and there is no claim that the assessment is not fair, just and impartial.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This is an appeal from an order of the county court of Cook county, confirming a special assessment levied for the purpose of paying the cost of establishing a system of drainage, by means of sewers, well and pumping works, in a certain drainage district created by the ordinance under which the assessment was made.

Two grounds are urged for the reversal of the judgment of confirmation rendered by the county court. The principal point relied on is, that the ordinance upon which the proceedings were based, is invalid, because it does not sufficiently specify the nature, character, locality and description of the proposed improvement. In this regard appellants make five objections to the ordinance. One is, that it provides that the forty-six man-holes mentioned therein are "to be furnished with iron covers, of the size and weight of those now in use on the man-holes in the sewer in Garfield boulevard, from South Park avenue to State street," instead of specifying in the ordinance itself the size, weight, and other details of such covers. Another

19—126 ILL.

is, that it provides that the fronts of certain boilers and arches "shall be furnished with a cast-iron boiler front, of a pattern similar to the one now in use at the Hyde Park water-works, at Sixty-eighth street, in the village of Hyde Park," instead of giving, in express words and figures, the dimensions, pattern and weight of these cast-iron boiler fronts. Another is, that it provides that upon certain beds of concrete described in the ordinance, "brick masonry, of *suitable* shape to support the pumping engines herein above provided for, shall be constructed." Another is, that the well is not located, and therefore the length of the connecting sewer provided for can not be determined. And the other is, that the ordinance provides that "said sewers extending along the line of Sixty-third street shall be provided with house connection slants, of four inches internal diameter, opposite every lot fronting said Sixty-third street, on both sides of said street," and that this does not sufficiently indicate the number of such connection slants.

In our opinion, the objections urged to the validity of the ordinance are not tenable. Section 19, of article 9, of chapter 24, of the Revised Statutes, since the amendment in force July 1, 1887, reads as follows: "Whenever such local improvements are to be made, wholly or in part, by special assessment, the said council in cities, or board of trustees in villages, shall pass an ordinance to that effect, specifying therein the nature, character, locality and description of such improvement, either by setting forth the same in the ordinance itself, or by reference to maps, plats, plans, profiles or specifications thereof, on file in the office of the proper clerk, or both." In *City of Kankakee* v. *Potter et al.* 119 Ill. 324, this court said: "It is not expected that an ordinance of this kind should set forth the details and all the particulars of the work. Indeed, this is not contemplated, and the statute requires nothing of the kind. A substantial compliance with its provisions is all that is required." In the late case of *City of Springfield* v. *Mathus,* 124 Ill. 88, the ordinance was much less specific than

the ordinance here in question, and yet the assessment was sustained, and it was there held, that a provision the sewer should be constructed "with necessary man-holes and inlets," was a sufficient compliance with the requirement of the statute. ' The courts should not place so narrow a construction upon the statute as would prevent all improvements by special assessments. We regard the ordinance which we find in this record as in most respects very specific, and think that as a whole it sufficiently sets forth the nature, character, locality and description of the contemplated work.

In respect to the particulars wherein it is claimed the ordinance is defective, it is not so defective as to render it void. We think it would have been all that was essential if the ordinance had only required that the fronts of the boilers and arches should be furnished with a cast-iron boiler front; and as the shape and size of the man-holes were expressly designated, if it had merely required them to be furnished with iron covers, the tops of said covers to conform to the surface of the street at grade. It surely did not invalidate the descriptions to state that the cast-iron front and iron covers should be similar or of equal quality to those used in other designated public improvements in the village. Assuming it is true, as suggested by appellants, that there are probably no two manufacturers of steam pumps and engines who could use the same style and shape or size of foundation for engines of the capacity required by the ordinance, a valid reason is disclosed why the ordinance merely provided for brick masonry of "suitable shape," without disclosing what such shape should be. It is manifest, further description was utterly impossible until contracts had been made for the engines, and that until then the exact size and shape of the foundations could not be known. Section 1 of the ordinance says, in express terms, that the well shall be constructed on lots 1, 2, 3 and 4, of block 4, of O. A. Bogue's subdivision; and the same section provides that the connecting sewer shall connect with the main sewer in the

center of the alley lying west of and adjoining the west line of the Illinois Central Railroad Company's right of way in said block 4, of O. A. Bogue's subdivision. We think this sufficiently identifies the localities both of the well and the connecting sewer. The plain intendment, from the language, that the house connection slants extending along the line of Sixty-third street should be "opposite every lot fronting Sixty-third street, on both sides of said street," is, that one house connection slant should be provided for each lot fronting on said street, along the line of the proposed sewer, without any regard to the size or width of such lot.

There is another reason why the ordinance should not be held invalid upon the record before us. Since the amendment of 1887 to section 19, of article 9, of the general Incorporation act for cities and villages, the nature, character, locality and description of the improvement may be specified, either by reference to the maps, plats, plans, profiles and specifications of the proposed improvement on file in the office of the proper clerk, or by setting the same forth in the ordinance itself, or both modes of giving the information may be adopted. Either or both of these modes are now sources of information which the law recognizes in these matters, and if both modes are adopted, each will aid and cure defects and omissions in the other. In this case, the clerk of the county court certifies that the transcript of the record "is a true, correct and complete copy of 'ordinance,' being *part* of petition filed March 27, A. D. 1888," etc. The ordinance refers to the plans and specifications on file in the office of the village clerk. As the transcript does not purport to contain the entire petition, or the exhibits attached to or set forth in the petition, other than the ordinance itself, we must presume, in favor of the validity of the order and judgment of the county court, that such petition and exhibits contained all the data necessary to show a strict compliance with the statute.

The second ground of objection insisted upon by appellants is, that F. K. Root, one of the commissioners who made the assessment of benefits, was disqualified from acting as such commissioner by reason of interest. The affidavits which were read at the hearing of the objections filed to the confirmation of the assessment, show that Root is an employe of Bogue & Hoyt; that a portion of the property described in the assessment roll is assessed in the name of Bogue & Hoyt; that they did not, either at the time of the assessment or of the hearing, own any of the property assessed or liable to be assessed, but were agents for the property assessed to them; that the rate of assessment of the property assessed in their name was the same as the rate upon other property in like location and situation; and that Root was not interested in any way in the assessment, or in any of the property. In *Hunt* v. *City of Chicago,* 60 Ill. 183, relied upon by appellants in this behalf, the commissioners owned property affected, and had a personal pecuniary interest, and, besides, there was a statute in force in Chicago which disqualified one who was specially interested in a special assessment, from serving as a commissioner in making such assessment, and so the case is not here in point. In the matter at bar, Root was not the owner of any property affected, and had no personal pecuniary interest, and the mere fact of his being an employe of persons who were agents of other persons who were the owners of some of the property involved, was a connection with such property that was too remote to disqualify him, on that ground alone, from acting as a commissioner. In this case there is no claim made or intimated that the assessment was not fair, just and impartial. We think the ground of objection in question was properly overruled in the county court.

We find no error in the record, and the order and judgment of confirmation are affirmed.

*Judgment affirmed.*