HENRY H. GAGE

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa October 31, 1892.*

1. SPECIAL ASSESSMENT—*by city for paving street—sufficiency of ordinance.* An ordinance of a city directing the curbing and paving of an avenue between two points, which fails to state where the curbing is to be set and the width of the pavement, is insufficient to form the basis of a special assessment for the cost of the proposed improvement; and the proceeding is not aided by the passage, at the same time, of an ordinance providing for the width of certain roadways at thirty feet, when it does not appear that a roadway is in the avenue proposed to be curbed and paved, or that the attention of the committee estimating the cost was called to such other ordinance, and when neither ordinance refers to the other.

2. SAME—*what ordinance must contain.* To authorize the making of local improvements by special assessments, an ordinance must be passed "specifying therein the nature, character, locality and description of the improvement." From this description the commissioners are to estimate the cost, and if the ordinance fails to give a sufficient description of the proposed improvement, so that a correct estimate of the cost can be had, the ordinance will be void. Such ordinance will not be aided by the report of the committee, when it also contains the same indefiniteness.

APPEAL from the County Court of Cook county; the Hon. D. B. SHERWOOD, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant.

Mr. C. A. DIBBLE, Mr. E. S. METCALF, and Mr. JOHN S. MIL-
LER, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was a proceeding in the county court of Cook county,
to confirm a special assessment of property alleged to abut on
Bonny avenue, in the city of Chicago, "from the north line of
Ogden avenue to the south line of Douglas boulevard," under
an ordinance of the city passed March 30, 1891, requiring that
said Bonny avenue be paved between said designated points.
Appellant, Gage, appeared and filed numerous objections to
the confirmation of the assessment. The trial was by the
court, without a jury, by consent, and, both by objection to
evidence and by propositions of law asked to be held, such
questions and points were raised as we have found it neces-
sary to discuss or determine.

The first section of the ordinance provided "that Bonny ave-
nue, from the north line of Ogden avenue to the south line of
Douglas boulevard, be and the same is hereby ordered curbed
with curb stones," and then follows a specific description of
the quality, size, finish, and manner of setting the same, and
the ordinance proceeds, "and paved as follows." Then follows
a particular description of the material to be used, the mode
of preparing the bed for the pavement and of its construction,
the depth of the paving, material to be used, and manner of
finishing the pavement and gutters. The avenue is to be
curbed, but the ordinance is silent as to where the curbing is
to be set, and is to be paved, but of what width is nowhere in
the ordinance stated. The residue of the ordinance relates to
the manner in which the improvement shall be paid for, and
mode of collection, etc., in the usual form.

This improvement is shown to be upon the prairie, and that
there are no houses on the line of the street proposed to be
improved. No sidewalk line is established by the ordinance,
or otherwise, so far as shown, and there being no sidewalks

in fact, the ordinance might be held to contemplate the paving of the avenue from lot line to lot line.   Nor are we aided in any way, if that was permissible, by the report of the committee appointed to estimate the cost of the improvement, or by the report of the commissioners assessing the same upon the lands and lots abutting.   Both are absolutely silent as to the width of the proposed pavement, and we are unable to tell, from the report of the committee, what width of pavement they actually had in view in making their estimate.

It is sought to aid the improvement ordinance, by another ordinance introduced in evidence by the city, passed by the city council on the same day as the principal ordinance, and entitled "An ordinance establishing roadway in sundry streets and avenues," section 1 of which provides :   "That roadway on the following named streets and avenues be and the same is established at thirty (30) feet,   *   *   * . Bonny avenue, from Ogden avenue to Douglas Park avenue."   There is no other provision of this ordinance which can have any application.   Neither of these ordinances refers to the other in any way, nor is there the slightest intimation that the committee had any notice of this latter ordinance, or acted under or in accordance with its provisions.   Indeed, they report that they performed the duty of estimating the cost of the proposed improvement under and in accordance with the ordinance of their appointment.   That ordinance authorized and required the curbing, grading and paving of the avenue, not of a "roadway" in the avenue.

Moreover, it is not at all certain that the portion of Bonny avenue ordered to be paved falls within that part of the avenue in which the "roadway" is established, by the last named ordinance, at thirty feet.   It will be observed that the "roadway" is established on "Bonny avenue, from Ogden avenue, to *Douglas Park* boulevard," while it is ordered to be paved "from the north line of Ogden avenue to the south line of *Douglas boulevard.*"   There is nothing in this record showing,

or tending to show, that "Douglas Park boulevard" and "Douglas boulevard" are in fact the same. The presumption is they are not identical, but are different streets or boulevards of the city. But conceding, as may be done, that they are the same, and that the effect of the ordinance was to establish the "roadway" of Bonny avenue, between the points intended to be paved at thirty feet, it in no way aids the ordinance providing for the improvement. If by the ordinance establishing the "roadway" it was intended to limit the pavement to that width, neither ordinance so provides, and, as before said, it is impossible to tell from this record what width was in contemplation of the estimating committee when making their estimate of the cost.

It is said by counsel for appellant that the entire distance ordered paved was 3144 feet, and that that fact is shown by a "sketch plat" introduced in evidence by the city. We have been unable to verify the statement from the record, but appellee's counsel nowhere challenge the correctness of these figures. If counsel's statement be correct, it would demonstrate that the commissioners, in making their estimate, did not do it upon the basis of a thirty foot roadway, but upon a pavement in excess of forty feet in width. They return the square yards of pavement they have estimated will be required to be laid, and the cost per yard and in the aggregate, and a slight calculation demonstrates that the cost, as estimated, exceeds the actual cost of a pavement thirty feet wide and of the length stated, at the estimated cost per yard, over $11,000, or over one-third of the actual cost of paving a thirty foot street for the distance named.

However, leaving out of view the consideration last mentioned, as must be done, it seems clear that there is here a failure to comply with the statute in making a sufficiently specific description of the improvement. Section 19, chapter 24 of the Revised Statutes, (Starr & Curtis, par. 135,) prescribes, that to authorize the making of local improvements

by special assessments, in the manner here contemplated, an ordinance must be passed "specifying therein the nature, character, locality and description of the improvement." We have held that in cases of special assessment a description in substantial compliance with the statute will suffice. (*Pearce* v. *Village of Hyde Park*, 126 Ill. 287; *City of Springfield* v. *Mathus*, 124 id. 88; *City of Kankakee* v. *Potter*, 119 id. 324.) But in each of the cases so holding it was also held, in effect, that the description of the improvement must be sufficiently definite to form a correct basis for the estimate of the committee appointed for that purpose. In *City of Kankakee* v. *Potter* it is said: "As the ordinance affords the only authority for what is proposed to be done by the municipality, there necessarily can be no authoritative way of making that known except through the ordinance, as required by the statute. It is the basis of all contracts for the construction of the improvement, and must contain the *data* for estimating its cost." So in *Levy* v. *City of Chicago*, 113 Ill. 650, it was said: "Under this statute it is plain, if the ordinance, which may be regarded as the foundation for the assessment, does not contain a description of the nature, character and locality of the improvement, the court would have no authority to confirm the assessment. Indeed, no intelligent estimate of the cost of the improvement could be made   *   *   *   unless the ordinance prescribes definitely the nature and character of the improvement, hence the necessity for such description in the ordinance." The same rule, in substance, has been announced in *City of Sterling* v. *Galt*, 117 Ill. 11, *Village of Hyde Park* v. *Spencer*, 118 id. 446, *Ogden* v. *Lake View*, 121 id. 422, and in many other cases. It is the ordinance that must fix and determine the nature and character of the proposed improvement, and from the description therein given the commissioners are to estimate its cost. Manifestly, if the *data* is not given by the ordinance from which an estimate of the cost can be made, the whole purpose of this provision of the statute would be

11—143 ILL.

·defeated by the return of an estimate upon such basis as the commissioners might themselves deem proper. This ordinance is not a compliance with the statute in the particular indicated. We certainly can not find from the ordinance, or anything referred to in it, that a roadway of thirty feet was to be improved, only.

We are aware that in *Lake* v. *City of Decatur*, 91 Ill. 596, and *Jacksonville Railway Co.* v. *City of Jacksonville*, 114 id. 562, the report of the committee appointed to make the estimate of the cost of the improvement was looked to, and "was taken, in connection with the ordinance, in helping out any supposed uncertainty of the ordinance in describing items of the improvement." *(City of Springfield* v. *Mathus, supra.)* But, as we have seen, the principle upon which those cases were decided, can have no application here. The report of the committee contains all of the indefiniteness of the ordinance. If it had been shown that notice of the second ordinance before mentioned had been brought to the committee, and their report had then shown that they estimated upon the basis of paving the avenue to the width of thirty feet, there might have been some reason for insisting upon the application of the doctrine of those cases.

Numerous other errors are assigned, but we do not deem it important, in view of the foregoing, to consider them.

We are of opinion that the assessment was unauthorized and invalid, for the reason that there was no proper or sufficient ordinance providing for the making of said improvement, and that the county court erred in not sustaining the objections going to its validity, and in entering judgment confirming it. The judgment of the county court affirming the assessment roll will accordingly be reversed.

*Judgment reversed.*