MADAWICK CONTRACTING Co., INC., Plaintiff, *v.* TRAVELERS INSURANCE COMPANY et al., Defendants.

Supreme Court, Special Term, Queens County, July 7, 1952.

*Albert Du Pont* for plaintiff.

*John G. Donovan* for Travelers Insurance Company, defendant.

*Clarence Meleney* for Fred T. Ley & Co., Inc., defendant.

HILL, J. This is an action for a declaratory judgment.

On July 11, 1950, the defendant Ley, a general contractor, entered into a written contract with plaintiff Madawick, as a subcontractor. Madawick agreed by this contract to furnish materials for sheet piling, shoring, bracing and underpinning at Fulton Avenue and Nichols Court, Hempstead, Nassau County, New York. The contract also required Madawick to provide workmen's compensation insurance, public liability insurance, contractors' protective public liability insurance, property damage liability insurance and such insurance as may be required by the Village of Hempstead. Madawick purchased the insurance from the defendant Travelers Insurance Company.

Paragraph 25 of the contract, referred to, provides, '' Arbitration. 25. Any dispute or claim arising out of or relating to this Contract, or for the breach thereof, shall be settled by arbitration. Arbitration shall proceed under the requirements specified in the General Conditions, current edition, of the American Institute of Architects; or under the Rules of the Arbitration Court of the New York Building Congress, Inc., or of the American Arbitration Association, and judgment upon

an award may be entered in the Court having jurisdiction. One of these methods of arbitration shall be chosen at the time of the signing of the Contract or, if not then determined, the choice of these methods shall be at the option of the party asking for arbitration.''

During the course of construction by Madawick and upon removing some of the braces and shoring, a portion of the excavation shifted causing damage to the west foundation wall and also to the adjoining property, as a result of which Ley claimed from Madawick damage in the sum of $15,353.

Madawick immediately notified the Travelers of the claim and demanded that it defend as per the terms of the insurance policy, to wit:

'' II. Service, Defense, Settlement, Supplementary Payments
* * *

'' (b) defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company; ''

Thereafter the Travelers refused to defend Madawick in arbitration and also refused to pay any judgment against Madawick resulting from arbitration.

Plaintiff on this trial prays for the following relief:

'' WHEREFORE, plaintiff prays judgment that this Court determine, construe and declare the legal rights, relations and duties of the parties with respect to the said agreement of July 11, 1950 entered into by plaintiff and defendant, Fred T. Ley & Co., Inc., and the said liability policy issued by defendant, The Travelers Insurance Company, to plaintiff, and with respect to the following matters:

'' 1. Whether, pursuant to the terms of the aforesaid policy, the defendant, The Travelers Insurance Company, is required to defend the plaintiff in the aforementioned arbitration proceeding;

'' 2. Whether, pursuant to the terms of said policy and upon the assumption that an award will be made against the plaintiff, on account of the claims of the defendant, Fred T. Ley & Co., Inc., referred to in this complaint and the judgment entered thereon must be paid by the defendant, The Travelers Insurance Company; and

'' 3. Whether in the event that this court determines that the defendant, The Travelers Insurance Company, is not required

to defend plaintiff in the aforesaid arbitration proceeding and under no duty to pay or be bound by any award made therein, the dispute or claim of the plaintiff is arbitrable; and

"4. Whether the defendant, Fred T. Ley & Co., Inc., has the right at this time to institute the aforementioned arbitration proceedings."

The question here presented is the meaning of the word "suit" in the Travelers' policy of insurance. It is the contention of Travelers that it is not required to defend Madawick in arbitration not having consented thereto since arbitration is not a *suit*. It may well be that Travelers is estopped from asserting this defense since its policy is based on the contract between Madawick and Ley and is bound by the terms thereof. But this action will be decided on the answer to the question: Is arbitration a suit at law?

History records various methods of deciding controversies between litigants. We commonly think of a "suit" at law only in connection with a court and judge with or without a jury. But, there are modern methods of adjusting differences other than a trial by judge and jury. Arbitration is recognized and approved by New York State law. Section 1448 of the Civil Practice Act begins "*Validity of arbitration contracts or submissions*. Except as otherwise prescribed in this section, two or more persons may submit to the arbitration of one or more arbitrators any controversy existing between them at the time of the submission which may be the subject of an action, * * * and such submission or contract shall be valid, enforceable and irrevocable". The arbitrators appointed by the parties or otherwise do not represent "one side" but take an oath to hear and examine the matters and to make a just award. (*Matter of Lipschutz [Gutwirth]*, 304 N. Y. 58; Civ. Prac. Act, § 1455.) *Suit* is defined in Black's Law Dictionary (3d ed.): "' Suit' is a generic term, of comprehensive signification, and applies to any proceeding by one person or persons against another or others in a court of justice in which the plaintiff pursues, in such court, the remedy which the law affords him for the redress of an injury or the enforcement of a right. See Kohl v. U. S., 91 U. S. 375, 23 L. Ed. 449; Weston v. Charleston, 2 Pet. 464, 7 L. Ed. 481; Drake v. Gilmore, 52 N. Y. 393; Philadelphia, etc., Iron Co. v. Chicago, 158 Ill. 9, 41 N. E. 1102; Cohens v. Virginia, 6 Wheat. 405, 5 L. Ed. 257; McWilliams v. Hopkins (D. C.) 11 F. (2d) 793, 795; Barton v. Reynolds, 81 Misc. 15, 142 N. Y. S. 895, 897. It is, however, seldom applied to a criminal prosecution. And it is sometimes restricted to

the designation of a proceeding in equity, to distinguish such proceeding from an action at law. Patterson v. Standard Accident Ins. Co., 178 Mich. 288, 144 N. W. 491, 492, 51 L. R. A. (N. S.) 583, Ann. Cas. 1915A, 632.''

It seems clear to me that '' suit '' is a broad term including arbitration. It follows therefore that the Travelers is required to defend plaintiff in arbitration.

The Travelers is also required to pay any judgment entered in the action by Ley against Madawick within the terms of the policy, and the defendant Ley has the right to arbitrate its claim against Madawick.

Settle judgment accordingly.